**Martyn MERRITT, Petitioner,**

v.

**UNITED STATES of America; Federal Maritime Commission, Respondents.**

**No. 514, Docket 91–4112.**

United States Court of Appeals, Second Circuit.

Argued Nov. 22, 1991.

Decided March 27, 1992.

**16**

Erwin J. Shustak, New York City (Ruth H. Landstrom, Bizar Shustak Martin & Schneider, of counsel), for petitioner.

Carol J. Neustadt, Federal Maritime Com'n, Washington, D.C. (Robert D. Bourgoin, General Counsel, Federal Maritime Com'n, James F. Rill, Asst. Atty. Gen., John J. Powers, III, Robert J. Wiggers, Dept. of Justice, of counsel), for respondents.

Before: OAKES, Chief Judge, FEINBERG and MESKILL, Circuit Judges.

MESKILL, Circuit Judge:

This is a petition for review of an order of the Federal Maritime Commission (Commission) that, *inter alia,* assessed a $395,-000 fine against petitioner Martyn Merritt for violations of the Shipping Act of 1984, 46 U.S.C. app. § 1701 *et seq.* (Shipping Act). Merritt argues that we should vacate the fine and remand this case because the Commission failed to follow a statutory mandate to consider Merritt's ability to pay. We agree.

We vacate that part of the Commission's order that imposes a fine on Merritt and remand for proceedings not inconsistent with this opinion.

## BACKGROUND

On December 18, 1989, the Commission ordered an investigation and hearing to consider allegations that Merritt and corporations under his control had committed flagrant violations of the Shipping Act. Merritt, whom the Commission previously had penalized, assiduously avoided participating in the proceeding before the administrative law judge (ALJ). On several occasions Merritt refused even to accept notices of proceedings sent to him by certified mail.

After the close of the record, but before the ALJ ruled, Merritt wrote two letters to the Commission's Secretary. The first of these letters stressed Merritt's lack of resources and requested a hearing on his ability to pay any fine that the Commission might assess against him. The other matters that Merritt addressed in his letters are unimportant to this appeal.

Subsequently, the ALJ issued an opinion in Merritt's case. In this opinion, referred to by the ALJ and the Commission as the "Initial Decision," the ALJ emphasized (1) that Merritt had tried to delay the proceedings against him, and (2) that Merritt had avoided participating in hearings of which he was aware. The ALJ listed the factors that the Shipping Act requires the Commission to consider before imposing a fine, including ability to pay, and noted that

"one often must weigh the ... danger of being too harsh and too impractical so as to place a person or a business in jeopardy." The ALJ then stated that "no ... extenuating circumstances can be found" in this case. However, the Initial Decision did not set forth any specific findings on Merritt's ability to pay the fine that the ALJ imposed.

The ALJ also considered Merritt's request for a hearing on his ability to pay a fine. Again stressing Merritt's behavior in this case and noting that Merritt had not requested a hearing until after the record had been closed, the ALJ decided not to grant such a hearing:

> [I]f the Respondents wish to mitigate penalties on the basis of inability to pay they may do so in settlement discussions with Hearing Counsel, or, if the Commission on review so desires, the inability to pay question can be considered on remand.

Appealing the Initial Decision to the Commission, Merritt excepted, *inter alia*, to the ALJ's failure to consider whether Merritt had the ability to pay the fines assessed against him. The Commission adopted the Initial Decision, finding that the ALJ had adequately considered all the factors that the Shipping Act required, including ability to pay.

On appeal, Merritt asks that we vacate the fine imposed on him and remand this case for reconsideration after production of evidence going to his ability to pay a fine. Merritt insists that neither the ALJ nor the Commission considered his individual ability to pay and that this omission constitutes a clear error of law.

46 U.S.C. app. § 1713 and 28 U.S.C. § 2342 provide us with jurisdiction over this appeal.

## DISCUSSION

■ Where an agency finds a violation, the choice of a sanction is largely within the agency's discretion. *See American Power Co. v. SEC*, 329 U.S. 90, 112, 67 S.Ct. 133, 1145, 91 L.Ed. 103 (1946) (" '[T]he relation of remedy to policy is peculiarly a matter for administrative competence.' ") (citation omitted). A reviewing court may overturn an agency-imposed sanction only if it is unwarranted in law or unjustified in fact. *See Butz v. Glover Livestock Commission Co.*, 411 U.S. 182, 185–88, 93 S.Ct. 1455, 1457–59 36 L.Ed.2d 142 (1973); *Harry Klein Produce v. United States Dep't of Agriculture*, 831 F.2d 403, 406–07 (2d Cir.1987).

To resolve this case properly, we must address three issues. First, we must determine whether the Shipping Act requires the Commission to consider specific evidence going to a violator's ability to pay a fine before imposing one on him. Then, we must determine which party bears the burden of introducing evidence on that issue. Finally, we must decide whether the Commission must grant a defendant an evidentiary hearing on the ability to pay issue after the record has been closed.

### A. *The Shipping Act*

■ Section 13(c) of the Shipping Act sets forth the procedure for imposing fines for Shipping Act violations. It provides:

> Until a matter is referred to the Attorney General, the Commission *may*, after notice and an opportunity for hearing, assess each civil penalty provided for in this chapter. In determining the amount of the penalty, the Commission *shall* take into account the nature, circumstances, extent, and gravity of the violation committed and, with respect to the violator, the degree of culpability, history of prior offenses, *ability to pay*, and such other matters as justice may require.

46 U.S.C. app. § 1712(c) (emphasis added).

In this case, the Commission was the proponent of the order imposing fines on Merritt. Section 13(c) makes clear that the Commission may impose a fine only if it takes into account the ability to pay of the violator.

■ Although the Commission may in its discretion determine how much weight to place on each factor, the Commission must make specific findings with respect to each of the factors set forth in section 13(c), regardless of whether the party on whom a fine will be imposed has participated in the hearings against him. In this case, the ALJ and the Commission erred by failing

to make a finding on Merritt's ability to pay a fine.

### B. Burden of Producing Evidence

■ Merritt argues that Congress has placed the burden on the Commission to present evidence relating to ability to pay before it imposes a fine in accordance with the Shipping Act. Merritt claims that the Commission erred by placing on him the burden of going forward with evidence of his inability to pay before requiring the ALJ to consider his resources and the effect a fine would have on him. In his view, the Commission is not relieved of this burden even when a Shipping Act violator fails to participate in hearings against him. We agree.

The Administrative Procedure Act provides that "[e]xcept as otherwise provided by statute, the proponent of a rule or order has the burden of proof." 5 U.S.C. § 556(d). "[B]urden of proof," as used in section 556(d), refers only to the burden of going forward with evidence, not the burden of persuasion. *See NLRB v. Transportation Management Corp.*, 462 U.S. 393, 403–04 n. 7, 103 S.Ct. 2469, 2475–76 n. 7, 76 L.Ed.2d 667 (1983). Thus, absent a statutory burden-shifting provision—which section 13(c) does not contain—an agency must introduce initial evidence on an issue when it proposes a rule or an order.

If Congress had intended a different result when a defendant's lack of resources is an issue, it could have written inability to pay a fine into the statute as an affirmative defense and shifted the burden of going forward with evidence onto the defendant. Congress did not do that. We believe that Congress intended the burden of going forward with evidence to be on the Commission. Where, as here, congressional intent is clear, it must govern our decision. *See Chevron U.S.A. v. Natural Resources Defense Council*, 467 U.S. 837, 842, 104 S.Ct. 2778, 2781, 81 L.Ed.2d 694 (1984) ("If the intent of Congress is clear, that is the end of the matter.").

A Ninth Circuit case, *Bosma v. United States Dep't of Agriculture*, 754 F.2d 804 (9th Cir.1984), supports our analysis. In *Bosma*, the statute involved provided, in pertinent part, that "the Secretary shall consider … the effect of the penalty on the person's ability to continue in business." 7 U.S.C. § 213(b); *see Bosma*, 754 F.2d at 810. Because Bosma had not requested a hearing on the ability to pay issue until after the close of the record, the agency did not consider evidence on that issue.

The Court of Appeals vacated the fine. It held that the agency had erred by failing to introduce evidence on the effect of the fine: "In the absence of such evidence, the [agency] had no basis for determining the size of the penalty because the statute requires [it] to consider all three factors." *Id.*

Section 13(c) makes clear that the Commission must consider ability to pay before it imposes a fine. It makes no exception for defendants who refuse to cooperate with the Commission. Accordingly, we conclude that the Commission erred by failing to require production of evidence going to Merritt's ability to pay a fine and by failing to make specific findings on that issue. With that said, we now turn to whether on remand the Commission must hold a hearing on Merritt's ability to pay a fine.

### C. Discretion to Deny a Hearing

The Commission argues that the ALJ properly denied Merritt a hearing on his ability to pay a fine. The Commission emphasizes that Merritt was aware of the proceeding against him, had refused to accept service of process or participate in the proceeding and did not request a hearing on his ability to pay a fine until after the ALJ had closed the record in his case. The Commission argues that it was within the ALJ's discretion to refuse to delay final determination of the case in order to hold a hearing. We agree.

■ An agency need not keep its record open indefinitely. Necessity requires that agencies may, within their discretion, determine the point at which a final determination may be made in a proceeding. *See I.C.C. v. Jersey City*, 322 U.S. 503, 514–15, 64 S.Ct. 1129, 1134–35, 88 L.Ed. 1420

(1944); *Cross–Sound Ferry Services v. United States,* 573 F.2d 725, 730–31 (2d Cir.1978). "[L]ikewise ... the discretion to be invoked [is] that of the body making the order, and not that of a reviewing body." *Jersey City,* 322 U.S. at 514–15, 64 S.Ct. at 1134–35.

■ In this case, Merritt did not request a hearing on the "ability to pay" issue until after the ALJ had closed the record. Moreover, he made this request only after refusing to cooperate with the Commission and attempting to delay the proceedings. We believe that it would be unjust now to require the Commission or the ALJ to grant Merritt an evidentiary hearing.

### CONCLUSION

On remand, the Commission should make specific findings on Merritt's ability to pay a fine should it decide to reinstate one. Should the Commission decide on remand that a hearing would be helpful, it of course may order one.

For the reasons set forth above, we vacate the order of the Commission only as to the fine imposed on Merritt and remand for further proceedings not inconsistent with this opinion. We express no view on whether the amount of the penalty originally assessed is excessive.

Vacated and remanded. The parties shall bear their own costs.