13-4256-ag
Chief Cargo Servs., Inc. v. Fed. Maritime Comm'n

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 2nd day of October, two thousand fourteen.

PRESENT:  RALPH K. WINTER,
          REENA RAGGI,
          PETER W. HALL,
                    *Circuit Judges.*

---------------------------------------------------------------------

CHIEF CARGO SERVICES, INC.,
                    *Petitioner*,

                    v.                                    No. 13-4256-ag

FEDERAL MARITIME COMMISSION, UNITED STATES OF AMERICA,
                    *Respondents.*

---------------------------------------------------------------------

APPEARING FOR PETITIONER:       JOSEPH J. PERRONE, Giuliano McDonnell & Perrone, LLP, New York, New York.

APPEARING FOR RESPONDENTS:       TYLER J. WOOD (William J. Baer, Assistant Attorney General, Kristen C. Limarzi, Robert J. Wiggers, Attorneys, Antitrust Division, United States Department of Justice, Washington, D.C.; Elisa P. Holland, Paul A. Schofield, Attorney Advisors, Federal Maritime Commission,

1

Washington, D.C., *on the brief*), Deputy General Counsel, Federal Maritime Commission, Washington, D.C.

Petition for review of an order of the Federal Maritime Commission.

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the petition for review of an order entered on September 4, 2013, is DENIED.

Petitioner Chief Cargo Services, Inc. ("Chief Cargo") seeks review of an order of respondent Federal Maritime Commission ("FMC") holding Chief Cargo liable under § 10(d)(1) of the Shipping Act of 1984 ("Act"), see 46 U.S.C. § 41102(c), and requiring it to cease and desist from "releasing cargo without requiring presentation of an original bill of lading," S.P.A. 16. We review FMC orders under the deference principles set forth in Chevron, U.S.A., Inc. v. Natural Resources Defense Council, Inc., 467 U.S. 837 (1984), see Merritt v. United States, 960 F.2d 15, 18 (2d Cir. 1992); see also Sea-Land Serv. Inc. v. Dep't of Transp., 137 F.3d 640, 645 (D.C. Cir. 1998), and thus ask (1) if "'Congress has directly spoken to the precise question at issue,'" and if not, (2) whether "'the agency's answer is based on a permissible construction of the statute.'" Kar Onn Lee v. Holder, 701 F.3d 931, 936 (2d Cir. 2012) (quoting Chevron, U.S.A., Inc. v. Nat. Res. Def. Council, Inc., 467 U.S. at 842–43). We assume the parties' familiarity with the facts and record of prior proceedings, which we reference only as necessary to explain our decision to deny the petition.

1. <u>Jurisdiction</u>

Chief Cargo first asserts that the FMC lacked jurisdiction over the complaint filed by Bimsha International ("Bimsha"). We disagree.

The FMC's jurisdiction extends to all alleged violations of the Act. <u>See</u> 46 U.S.C. § 41301(a) ("A person may file with the [FMC] a sworn complaint alleging a violation of this part . . . ."). In its complaint with the FMC, Bimsha explicitly asserted that Chief Cargo violated § 10(d)(1) of the Act by discharging Bimsha's cargo without requiring the "notify party" to present an original bill of lading. Because this invocation of the Act was not frivolous—indeed, as explained below, the FMC's merits determination is entitled to <u>Chevron</u> deference—we reject Chief Cargo's jurisdictional challenge. <u>See</u> <u>City of Arlington v. FCC</u>, 133 S. Ct. 1863, 1873 (2013) (holding that <u>Chevron</u> deference applies to agency's determination of its own jurisdiction); <u>see generally</u> <u>New York v. Shinnecock Indian Nation</u>, 686 F.3d 133, 138 (2d Cir. 2012) (stating that federal jurisdiction exists where "plaintiff's 'well-pleaded complaint' raises an issue of federal law").

2. <u>Liability Under § 10(d)(1)</u>

Section 10(d)(1) of the Act provides that a non-vessel-operating common carrier, such as Chief Cargo, "may not fail to establish, observe, and enforce just and reasonable regulations and practices relating to or connected with receiving, handling, storing, or delivering property." 46 U.S.C. § 41102(c). Chief Cargo argues that the FMC erroneously concluded that it violated § 10(d)(1) because its misconduct—three times

3

releasing Bimsha's cargo to the notify party without requiring the presentation of an original bill of lading in a three month period—was not Chief Cargo's "practice" and thus violated only the bill of lading, not the Act. The FMC maintains that the Act prohibits even isolated failures "to establish, observe, and enforce just and reasonable regulations and practices," and thus it properly held Chief Cargo liable.

We need not decide whether § 10(d)(1) extends to singular instances of misconduct because even if, as Chief Cargo asserts, something more is implicit in the Act's reference to "practices," under Chevron we must defer to the FMC's determination that Chief Cargo's misconduct here, involving multiple similar acts within a short time frame, constituted such a "practice." At the first Chevron step, we identify ambiguity in the phrase "just and reasonable regulations and practices," which is not defined in the Act. See Rotimi v. Holder, 577 F.3d 133, 138 (2d Cir. 2009) (identifying ambiguity where Congress did not define phrase that was susceptible to "range of possible interpretations"); see also Plaquemines Port, Harbor & Terminal Dist. v. Fed. Maritime Comm'n, 838 F.2d 536, 549 (D.C. Cir. 1988) (stating that through § 10(d)(1)'s "broad language . . . Congress has explicitly delegated responsibility for administering the statutory program to the FMC").

At the second Chevron step, we defer to the FMC's conclusion that Chief Cargo's repeated failures constituted "an unjust and unreasonable practice." S.A. 11. Chief Cargo does not dispute that in a three month period, it three times released Bimsha's cargo to the same notify party without requiring the presentation of a bill of lading. Nor does

4

Chief Cargo contest that its President was involved in this misconduct, further indicating that the failures were not the product of isolated negligence by an errant employee but, rather, a practice. Substantial evidence thus supported the FMC's determination that Chief Cargo was likely to fail to require the presentation of an original bill of lading in the future. In such circumstances, we cannot conclude that the FMC's "practice" determination was "arbitrary, capricious, or manifestly contrary to the statute." Chevron, U.S.A., Inc. v. Nat. Res. Def. Council, Inc., 467 U.S. at 844; accord Adams v. Holder, 692 F.3d 91, 95 (2d Cir. 2012); see also Webster's 3d New Int'l Dictionary 1780 (1986) (defining "practice" as, among other things, "repeated or customary action"). Accordingly, we reject Chief Cargo's merits challenge to liability.[1]

3.    Cease-and-Desist Order

Equally meritless is Chief Cargo's challenge to the FMC's cease-and-desist order, an agency action that we review for abuse of discretion. See generally NLRB v. G & T Terminal Packaging Co., 246 F.3d 103, 119 (2d Cir. 2001) (reviewing NLRB's cease-and-desist order for abuse of discretion); Valicenti Advisory Servs., Inc. v. SEC, 198 F.3d 62, 66 (2d Cir. 1999) (reviewing SEC's cease-and-desist order for abuse of discretion). As already observed, substantial evidence supported the FMC's finding that

---

[1] To the extent dissenters to the FMC's decision identified further reasons for doubting the agency's liability determination, Chief Cargo does not advance those contentions here, and thus we deem any such arguments abandoned. See Hoffler v. Bezio, 726 F.3d 144, 154 n.9 (2d Cir. 2013).

Chief Cargo was likely to continue the misconduct. Further, we cannot conclude that the FMC abused its discretion in crafting the cease-and-desist order to apply indefinitely and to all of Chief Cargo's clients, not only Bimsha, because Chief Cargo has not demonstrated why it would ever be appropriate to release any shipper's cargo without requiring the presentation of an original bill of lading.[2]

Accordingly, we reject Chief Cargo's challenge to the cease-and-desist order on the merits.

We have considered Chief Cargo's remaining arguments and conclude that they are without merit. The petition for review is therefore DENIED.

FOR THE COURT:
CATHERINE O'HAGAN WOLFE, Clerk of Court

_____

[2] We express no opinion on whether Chief Cargo could contract with a shipper to permit the unloading of cargo without requiring the presentation of an original bill of lading as no party advances that possibility and Chief Cargo may petition the FMC to modify its cease-and-desist order should it arise. See 46 U.S.C. § 41304(b), (c) (stating that FMC may "reverse, suspend, or modify any of its orders," and at party's request "grant a rehearing of the same or any matter determined in the proceeding").

6