12-10-ag
*Lee v. Holder*

BIA
A088 266 340

## UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

August Term, 2012

(Submitted: October 22, 2012            Decided: December 3, 2012)

Docket No. 12-10-ag

_____

KAR ONN LEE,

*Petitioner*,

v.

ERIC H. HOLDER, Attorney General of the United States,

*Respondent*.

_____

Before: LEVAL, CABRANES, and SACK, Circuit Judges.

Petitioner Kar Onn Lee, a Malaysian citizen who has overstayed his nonimmigrant visa in the United States, seeks an adjustment of immigration status. Generally, applicants such as Lee, who are present in the United States unlawfully, are not eligible for a change of immigration status. *See* 8 U.S.C. § 1255(c). Lee, however, has invoked the so-called "grandfathering" exception for beneficiaries of labor-certification applications filed by April 30, 2001. *See id.* § 1255(i)(1)(B)(ii). The Attorney General has interpreted that provision as applying only to beneficiaries actually listed on labor-certification applications as of April 30, 2001—not individuals who were later substituted as

1

beneficiaries. *See* 8 C.F.R. § 245.10(j) ("An alien who was substituted for the previous beneficiary of the application for the labor certification after April 30, 2001, will not be considered to be a grandfathered alien."); *id.* § 1245.10(j) (same). We hold that § 245.10(j) and § 1245.10(j), in which the Attorney General sets forth this interpretation, are entitled to *Chevron* deference. Accordingly, the Immigration Judge and Board of Immigration Appeals properly determined that Lee is ineligible for a change of immigration status because he was not listed as a beneficiary on an application for labor certification until after April 30, 2001.

The petition for review is denied.

> John L. Moncrief, New York, NY, *for Petitioner.*
>
> Rebecca Hoffberg Phillips, Trial Attorney; William C. Peachey, Assistant Director, Office of Immigration Litigation; Stuart F. Delery, Acting Assistant Attorney General, Civil Division, United States Department of Justice, Washington, DC, *for Respondent.*

JOSÉ A. CABRANES, *Circuit Judge*:

Petitioner Kar Onn Lee, a Malaysian citizen who has overstayed his nonimmigrant visa in the United States, seeks an adjustment of immigration status. Generally, applicants such as Lee, who are present in the United States unlawfully, are not eligible for a change of immigration status. *See* 8 U.S.C. § 1255(c).[1] Lee, however, has invoked the so-called "grandfathering" exception for beneficiaries of labor-certification applications filed by April 30, 2001. *See id.* § 1255(i)(1)(B)(ii).[2]

---

[1] Section 1255(c) provides, in relevant part:

> [S]ubsection (a) of this section shall not be applicable to . . . an alien . . . who hereafter continues in or accepts unauthorized employment prior to filing an application for adjustment of status or who is in unlawful immigration status on the date of filing the application for adjustment of status or who has failed (other than through no fault of his own or for technical reasons) to maintain continuously a lawful status since entry into the United States.

8 U.S.C. § 1255(c).

[2] Section 1255(i)(1)(B)(ii) provides, in relevant part:

> Notwithstanding the provisions of subsections (a) and (c) of this section, an alien physically present in the United States . . . who is the beneficiary . . . of . . . an application for a labor certification under

The Attorney General has interpreted that provision as applying only to beneficiaries actually listed on labor-certification applications as of April 30, 2001—not individuals who were later substituted as beneficiaries. *See* 8 C.F.R. § 245.10(j) ("An alien who was substituted for the previous beneficiary of the application for the labor certification after April 30, 2001, will not be considered to be a grandfathered alien."); *id.* § 1245.10(j) (same). We hold that § 245.10(j) and § 1245.10(j) are entitled to deference under *Chevron U.S.A. Inc. v. Natural Resources Defense Council, Inc.*, 467 U.S. 837 (1984) ("*Chevron*"). Accordingly, the Immigration Judge and Board of Immigration Appeals properly determined that Lee is ineligible for a change of immigration status because he was not listed as a beneficiary on an application for labor certification until after April 30, 2001.

## BACKGROUND

Kar Onn Lee entered the United States legally as a nonimmigrant visitor in 2000. In March 2007, Lee—assisted by counsel, as he has been throughout these proceedings—filed an application with the United States Citizenship and Immigration Services ("USCIS") for an adjustment of immigration status, seeking permanent resident status. He updated that application after USCIS approved in July 2007 an "Immigrant Petition for Alien Worker" filed by Penang Malaysian Cuisine listing Lee as the beneficiary for a Malaysian chef position. Penang Malaysian Cuisine had originally filed the application for labor certification in January 2001, listing Ji Fa Cao as the beneficiary. In February 2007, the restaurant replaced Cao with Lee as the beneficiary for the chef position.

USCIS denied Lee's application for adjustment of status in August 2008, determining that he was ineligible for permanent resident status on the basis of Penang Malaysian Cuisine's labor

---

section 1182(a)(5)(A) of this title that was filed pursuant to the regulations of the Secretary of Labor on or before [April 30, 2001] . . . may apply to the Attorney General for the adjustment of his or her status to that of an alien lawfully admitted for permanent residence.

8 U.S.C. § 1255(i)(1)(B)(ii).

3

certification.[3] Lee then filed a motion to reopen and reconsider, which the USCIS denied in February 2009.

In July 2009, the USCIS initiated removal proceedings because Lee had overstayed his visitor visa. In proceedings before an Immigration Judge ("IJ"), Lee conceded his removability but renewed his application for an adjustment of status. Lee argued that he was a "grandfathered" alien within the meaning of 8 U.S.C. § 1255(i), *see* note 2, *ante*, because he was listed as the current beneficiary of an application for labor certification filed prior to April 30, 2001. Federal law provides that an immigrant who is unlawfully present in the United States may nonetheless qualify for a change of immigration status as a so-called grandfathered alien if he "is the beneficiary . . . of . . . an application for a labor certification . . . that was filed pursuant to the regulations of the Secretary of Labor on or before [April 30, 2001]." 8 U.S.C. § 1255(i)(1)(B)(ii); *see also Butt v. Gonzales*, 500 F.3d 130, 132–33 (2d Cir. 2007) (describing the general structure of § 1255(i)). The government opposed Lee's adjustment, citing a regulation promulgated by the Attorney General stating that "[a]n alien who was substituted for the previous beneficiary of the application for the labor certification after April 30, 2001, will not be considered to be a grandfathered alien." 8 C.F.R. § 245.10(j).

In April 2010, the IJ issued an oral decision denying Lee's adjustment application, but granting him the opportunity to voluntarily depart pursuant to 8 U.S.C. § 1229c(a). Joint App'x 24–30. The IJ concluded that Lee is not "grandfathered" because, under 8 C.F.R. § 245.10(j), he did not become a beneficiary of the relevant application until after April 30, 2001. *Id.* at 29. The IJ reasoned that Lee was therefore ineligible for a change of status under 8 U.S.C. § 1255(i)(1)(B)(ii). *Id.*

---

[3] USCIS had originally denied Lee's application in April 2008 based on his alleged failure to prove that he was present in the United States in 2000. Following a motion to reconsider, USCIS issued a new opinion on August 7, 2008, concluding that Lee was not a grandfathered beneficiary.

Lee appealed to the Board of Immigration Appeals ("BIA"), arguing that Congress intended to include substituted beneficiaries in the class of aliens eligible for an adjustment of status under § 1255(i)(1)(B)(ii). The BIA rejected Lee's arguments, stating that it was "bound by the implementing regulations that correspond to the relevant portions of the statute." Joint App'x 6–7.

Lee then filed this petition for review pursuant to 8 U.S.C. § 1252(b). He asserts that the IJ and BIA erred by affording *Chevron* deference to the Attorney General's interpretation of the grandfathering provision in § 1255(i)(1)(B)(ii). In particular, Lee argues: (1) that the Secretary of Labor—not the Attorney General—is charged with interpreting the grandfathering provision; (2) that the grandfathering provision unambiguously provides that Lee is a grandfathered beneficiary; and (3) that the Attorney General's interpretation of the grandfathering provision is unreasonable.

## DISCUSSION

Unlawful residence in the United States generally renders an immigrant ineligible for an adjustment of status. *See* 8 U.S.C. § 1255(c), note 1, *ante*. Congress has created a limited exception, however, for an alien who "is the beneficiary . . . of . . . an application for a labor certification under section 1182(a)(5)(A) of this title that was filed pursuant to the regulations of the Secretary of Labor on or before [April 30, 2001]." *Id.* § 1255(i)(1)(B)(ii); *see also Suisa v. Holder*, 609 F.3d 314, 315–16 (4th Cir. 2010) (providing a brief history of § 1255(i)).

The question presented in this appeal is whether § 1255(i)(1)(B)(ii) applies when an alien was substituted as a beneficiary *after* April 30, 2001, on an application for labor certification filed before April 30, 2001. The Attorney General has already answered this question: "An alien who was substituted for the previous beneficiary of [an] application for . . . labor certification after April 30, 2001, will *not* be considered to be a grandfathered alien." 8 C.F.R. § 245.10(j) (emphasis supplied); *id.* § 1245.10(j). Accordingly, if this interpretation warrants deference, we need proceed no further.

5

## A.

Prior to the creation of the Department of Homeland Security in 2002, the Supreme Court held that federal courts are required to afford deference to the Attorney General's interpretation of the Immigration and Nationality Act ("INA") using the familiar principles articulated in *Chevron*:

> It is clear that principles of *Chevron* deference are applicable to this statutory scheme. The INA provides that "[t]he Attorney General shall be charged with the administration and enforcement" of the statute and that the "determination and ruling by the Attorney General with respect to all questions of law shall be controlling." 8 U.S.C. § 1103(a)(1) (1994 ed., Supp. III).

*INS v. Aguirre-Aguirre*, 526 U.S. 415, 424 (1999). In 2003, Congress amended § 1103(a)(1) to provide that "[t]he Secretary of Homeland Security shall be charged with the administration and enforcement of this chapter and all other laws relating to the immigration and naturalization of aliens, . . . *Provided, however*, That determination and ruling by the Attorney General with respect to all questions of law shall be controlling." Homeland Security Act of 2002, Pub. L. No. 107-296, § 1102(2), 116 Stat. 2135 (Nov. 25, 2002), as amended by Pub. L. No. 108-7, § 105(a)(1), 117 Stat. 11 (Feb. 20, 2003) (codified at 8 U.S.C. § 1103(a)(1)) (emphasis in original). The Supreme Court has since reiterated that *Chevron* deference applies to the Attorney General's interpretations of the INA. *See Negusie v. Holder*, 555 U.S. 511, 516–17 (2009); *cf. Lopez v. Davis*, 531 U.S. 230, 243–44 (2001) ("Even if a statutory scheme requires individualized determinations, . . . the decisionmaker has the authority to rely on rulemaking to resolve certain issues of general applicability unless Congress clearly expresses an intent to withhold that authority." (quotation marks and alterations omitted)).

Pursuant to his authority to enforce and interpret the INA, the Attorney General on March 20, 2001, promulgated an interim rule stating that "[a]n alien who was substituted for the previous beneficiary of [an] application for . . . labor certification after April 30, 2001, will not be considered to be a grandfathered alien." 66 Fed. Reg. 16383, 16389 (effective Mar. 26, 2001). This regulation was codified at 8 C.F.R. § 245.10(j). *Id.* at 16388–89. Following the passage of the Homeland

Security Act of 2002, which reorganized the enforcement of immigration law, the Attorney General promulgated a final rule that, as relevant here, duplicated the text of § 245.10 and codified that regulation at 8 C.F.R. § 1245.10. *See* 68 Fed. Reg. 9824, 9842 (effective Feb. 28, 2003).

Nonetheless, Lee contends that the *Chevron* test does not apply to § 245.10(j) and § 1245.10(j) because the responsibility of determining who is a permissible "beneficiary" of a labor certification falls within the purview of the Secretary of the Department of Labor ("DOL")—not the Attorney General. *See Bowen v. Georgetown Univ. Hosp.*, 488 U.S. 204, 208 (1988) ("It is axiomatic that an administrative agency's power to promulgate legislative regulations is limited to the authority delegated by Congress."). Lee points to 20 C.F.R. § 656.11—a regulation promulgated by DOL— which states that "[s]ubstitution . . . of an alien beneficiary on any application for permanent labor certification . . . is prohibited for any request to substitute submitted after July 16, 2007." Lee argues that because this regulation "became effective after USCIS approved [his] substitution on July 5, 2007, it is clear that DOL did not intend to bar [his] substitution." Petitioner's Br. 25–26.

Lee's argument conflates two issues. The first inquiry is who (if anyone) can be named or substituted as a beneficiary on an application for labor certification—a question that governs the approval of the labor certification. The second inquiry is who is eligible for a change of status under 8 U.S.C. § 1255, which generally bars relief for individuals whose presence in the United States is unlawful, *see id.* § 1255(c), unless the immigrant "is the beneficiary . . . of . . . an application for a labor certification under section 1182(a)(5)(A) of [Title 8] that was filed pursuant to the regulations of the Secretary of Labor on or before [April 30, 2001]," *id.* § 1255(i)(1)(B)(ii). This second inquiry asks whether § 1255(i)(1)(B)(ii) refers to the application for a labor certification *as of the cutoff date* of April 30, 2001, or whether § 1255(i)(1)(B)(ii) refers to that application *at the present time*. In other words, does the statute grandfather certain *beneficiaries*, or does it grandfather certain *applications*?

7

While the first of these inquiries may be within the purview of the Secretary of Labor—an issue we need not address—the second inquiry is decidedly a question of immigration law, relating to the structure and purpose of § 1255. Accordingly, the particular question at issue in this appeal—whether § 1255(i)(1)(B)(ii) confers "grandfathered" status on certain *beneficiaries* or certain *applications*—is plainly within the scope of the Attorney General's authority to interpret federal immigration law. *See* 8 U.S.C. § 1103(a)(1); *Negusie*, 555 U.S. at 516–17.

**B.**

Having concluded that Congress has delegated to the Attorney General the authority to interpret ambiguities in § 1255(i)(1)(B)(ii), we now turn to the familiar two-step analysis set forth in *Chevron*, 467 U.S. 837. At step one, we ask "whether Congress has directly spoken to the precise question at issue. If the intent of Congress is clear, that is the end of the matter; for the court, as well as the agency, must give effect to the unambiguously expressed intent of Congress." *Id.* at 842–43. But "if the statute is silent or ambiguous with respect to the specific issue," we proceed to step two, asking "whether the agency's answer is based on a permissible construction of the statute." *Id.* at 843. We will not defer to an interpretation that is "'arbitrary, capricious, or manifestly contrary to the statute.'" *Adams v. Holder*, 692 F.3d 91, 95 (2d Cir. 2012) (quoting *Chevron*, 467 U.S. at 844). But "[i]f the agency interpretation is reasonable, then we must defer to it." *Id.*

**i.**

As with any question of statutory interpretation, we begin by examining the text of the statute. *Schindler Elevator Corp. v. United States ex rel. Kirk*, 131 S. Ct. 1885, 1891 (2011). "The plainness or ambiguity of statutory language is determined by reference to the language itself, the specific context in which that language is used, and the broader context of the statute as a whole." *Robinson v. Shell Oil Co.*, 519 U.S. 337, 341 (1997). "In interpreting the statute at issue, we consider not only the bare meaning of the critical word or phrase but also its placement and purpose in the

statutory scheme." *Holloway v. United States*, 526 U.S. 1, 6 (1999) (alteration and internal quotation marks omitted).

Applying these settled principles of statutory interpretation, we conclude that § 1255(i)(1)(B)(ii) does not "sp[eak] to the precise question at issue." *Chevron*, 467 U.S. at 842. As the Fourth Circuit observed in *Suisa*, 609 F.3d at 318, the term "beneficiary" in § 1255(i)(1)(B) refers to both beneficiaries of a visa petition, *see* 8 U.S.C. § 1255(i)(1)(B)(i), and beneficiaries of labor certifications, *see id.* § 1255(i)(1)(B)(ii). Because a visa petition has "one, and only one, adult beneficiary[,] . . . Congress plainly contemplated that only a valid, direct beneficiary of a visa petition be permitted to obtain grandfathered status under § 1255(i)." *Suisa*, 609 F.3d at 318. With respect to labor certifications, however, "the beneficiary" referenced in § 1255(i)(1)(B)(ii) could refer to one of three different classes of aliens: (1) initial beneficiaries only; (2) initial beneficiaries and substituted beneficiaries, but only if the substitution occurred on or before April 30, 2001; or (3) currently named beneficiaries, whether original or substituted, regardless of when the substitution occurred. *See id.* at 319. Congressional silence regarding which of these three options is correct suggests ambiguity under step one of the *Chevron* analysis. *See Barnhart v. Walton*, 535 U.S. 212, 218 (2002) ("[S]ilence . . . normally creates ambiguity.").

The context of § 1255(i)(1)(B) also does not resolve the statutory question in Lee's favor. Although "the beneficiary . . . of . . . an application for a labor certification" filed by April 30, 2001 *could* refer to a substituted beneficiary, contextually it makes more sense to think that Congress intended to grandfather particular *beneficiaries* rather than particular *applications*. The focus of § 1255(i)(1)(B)(ii)—which, as relevant to this appeal, was last amended in 2000—is on *immigrants*, not *employers*. The provision's apparent purpose is to provide immigrants with a limited opportunity to obtain and benefit from grandfathered status by the "sunset" date of April 30, 2001. Lee had an opportunity to become a beneficiary by this date, but he did not do so.

**ii.**

For these same reasons, we conclude at step two of the *Chevron* analysis that 8 C.F.R.

§ 245.10(j) and § 1245.10(j) offer a reasonable interpretation of § 1255(i)(1)(B)(ii), and not one that is

"'arbitrary, capricious, or manifestly contrary to the statute.'" *Adams*, 692 F.3d at 95 (quoting

*Chevron*, 467 U.S. at 844). The Fourth Circuit has endorsed the Attorney General's interpretation in

forceful terms:

> The imposition of a sunset date plainly demonstrates that Congress intended that the benefit of § 1255(i) be temporary and apply only to a discrete group of aliens whose applications were pending on April 30, 2001. That intent would be frustrated if an alien substituted many years later as the beneficiary of an application for labor certification could nonetheless take advantage of the expired provision for adjustment of status.

*Suisa*, 609 F.3d at 320. We tend to agree, though for present purposes we need not find that

Congressional intent was "plainly demonstrate[d.]" *Id.* The absence of a manifestly unreasonable

interpretation of the statute is sufficient to sustain the regulation. As we have stated, the statutory

language admits of several interpretations, including the one adopted by the Attorney General, and

the statutory context supports the Attorney General's interpretation. Accordingly, 8 C.F.R.

§ 245.10(j) and § 1245.10(j) offer a reasonable interpretation of the statute, and one to which we

must defer. *Adams*, 692 F.3d at 95.

**C.**

Because § 245.10(j) and § 1245.10(j) provide a permissible construction of § 1255(i)(1)(B)(ii),

we affirm the agency's determination that Lee, who was substituted as the beneficiary of a labor

certification after April 30, 2001, is ineligible for adjustment of status.

**CONCLUSION**

To summarize:

(1.)     Congress has provided that beneficiaries of labor-certification applications filed by April 30, 2001, may be eligible for an adjustment of immigration status notwithstanding their unlawful presence in the United States. *See* 8 U.S.C. § 1255(i)(1)(B)(ii).

(2.)     The Attorney General has interpreted that provision as applying only to beneficiaries actually listed on labor-certification applications as of April 30, 2001—not to individuals who were later substituted as beneficiaries. *See* 8 C.F.R. § 245.10(j) ("An alien who was substituted for the previous beneficiary of [an] application for the labor certification after April 30, 2001, will not be considered to be a grandfathered alien."); *id.* § 1245.10(j) (same).

(3.)     The Attorney General's interpretation of § 1255(i)(1)(B)(ii) is entitled to deference under *Chevron U.S.A. Inc. v. Natural Resources Defense Council, Inc.*, 467 U.S. 837 (1984).

(4.)     Accordingly, the agency properly denied Lee's application for a change of immigration status because he was not listed as a beneficiary on an application for labor certification until after April 30, 2001.

The petition for review is **DENIED**.