**Luis Napoleon AMAN, Vasylyna Aman, Petitioners,**

v.

**Loretta E. LYNCH, United States Attorney General, Respondent.**

**No. 15–928.**

United States Court of Appeals, Second Circuit.

March 15, 2016.

H. Raymond Fasano, Youman, Madeo & Fasano, LLP, New York, NY, for Petitioner.

Benjamin C. Mizer, Principal Deputy Assistant Attorney General (Ernesto H. Molina, Jr., Deputy Director, Drew C. Brinkman, Trial Attorney, on the brief), Office of Immigration Litigation, United States Department of Justice, Washington, DC., for Respondent.

PRESENT: PIERRE N. LEVAL, RICHARD C. WESLEY, Circuit Judges, and BRENDA K. SANNES, District Judge.*

* The Honorable Brenda K. Sannes, of the United States District Court for the Northern District of New York, sitting by designation.

## SUMMARY ORDER

Petitioners Luis Napoleon Aman ("Aman") and Vasylyna Aman seek review of a March 12, 2015, decision of the BIA affirming a February 12, 2013, decision of an Immigration Judge ("IJ") denying Aman's application for adjustment of status under 8 U.S.C. § 1255(i). *In re Luis Napoleon Aman, Vasylyna Aman,* Nos. A099 764 312, A089 176 437 (B.I.A. Mar. 12, 2015), *aff'g* Nos. A099 764 312, A089 176 437 (Immig. Ct. N.Y. City Feb. 12, 2013). We assume the parties' familiarity with the underlying facts and procedural history in this case.

We review the IJ's opinion as modified by the BIA. *Xue Hong Yang v. U.S. Dep't of Justice,* 426 F.3d 520, 522 (2d Cir.2005). Accordingly, we address only whether Aman is precluded from adjustment because he was not a beneficiary of a labor certification until after April 30, 2001.

Unlawful residence in the United States generally renders an immigrant ineligible for an adjustment of status. *See* 8 U.S.C. § 1255(c). Congress created a limited exception to this rule for:

> [A]n alien ... who is the beneficiary (including a spouse or child of the principal alien, if eligible to receive a visa under section 1153(d) of this title) of ... an application for a labor certification under section 1182(a)(5)(A) of this title that was filed pursuant to the regulations of the Secretary of Labor on or before [April 30, 2001].

*Id.* § 1255(i)(1)(B)(ii). Under this so-called "grandfathering exception," therefore, an alien who was the beneficiary of a labor certification filed before April 30, 2001, can adjust status. *Id.* In 8 C.F.R. § 245.10(j), the Attorney General interpreted "beneficiary" in 8 U.S.C. § 1255(i) to exclude aliens substituted as a beneficiary after April 30, 2001 on an application for labor certification filed before April 30, 2001. Thus, under 8 C.F.R. § 245.10(j), the only unlawfully present aliens who may adjust status under this exception are beneficiaries actually named on labor certifications as of that date.

Aman's sole argument on appeal is that 8 C.F.R. § 245.10(j) is an impermissible construction of 8 U.S.C. § 1255(i)(1)(B)(ii). This Court, however, has upheld the Attorney General's interpretation of 8 U.S.C. § 1255(i)(1)(B)(ii). *Kar Onn Lee v. Holder,* 701 F.3d 931, 936–38 (2d Cir.2012). The labor certification forming the basis of Aman's approved visa petition was filed by April 30, 2001, but he was substituted as the beneficiary in 2006. Therefore, Aman is ineligible to adjust status.

For the foregoing reasons, the petition for review is **DENIED.**