15-928
*Aman v. Lynch*

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

## SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 15ᵗʰ day of March, two thousand sixteen.

PRESENT:  PIERRE N. LEVAL,
          RICHARD C. WESLEY,
                    *Circuit Judges,*
          BRENDA K. SANNES,
                    *District Judge.*\*

_____

LUIS NAPOLEON AMAN, VASYLYNA AMAN,

                    *Petitioners,*

          -v.-                                          15-928

LORETTA E. LYNCH, United States Attorney General,

                    *Respondent.*

_____

\* The Honorable Brenda K. Sannes, of the United States District Court for the Northern District of New York, sitting by designation.

FOR PETITIONER:       H. RAYMOND FASANO, Youman, Madeo & Fasano, LLP, New York, NY.

FOR RESPONDENT:     BENJAMIN C. MIZER, Principal Deputy Assistant Attorney General (Ernesto H. Molina, Jr., Deputy Director, Drew C. Brinkman, Trial Attorney, *on the brief*), Office of Immigration Litigation, United States Department of Justice, Washington, DC.

**UPON DUE CONSIDERATION** of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby **ORDERED, ADJUDGED AND DECREED** that the petition for review is **DENIED**.

Petitioners Luis Napoleon Aman ("Aman") and Vasylyna Aman seek review of a March 12, 2015, decision of the BIA affirming a February 12, 2013, decision of an Immigration Judge ("IJ") denying Aman's application for adjustment of status under 8 U.S.C. § 1255(i). *In re Luis Napoleon Aman, Vasylyna Aman*, Nos. A099 764 312, A089 176 437 (B.I.A. Mar. 12, 2015), *aff'g* Nos. A099 764 312, A089 176 437 (Immig. Ct. N.Y. City Feb. 12, 2013). We assume the parties' familiarity with the underlying facts and procedural history in this case.

We review the IJ's opinion as modified by the BIA. *Xue Hong Yang v. U.S. Dep't of Justice*, 426 F.3d 520, 522 (2d Cir. 2005). Accordingly, we address only

2

whether Aman is precluded from adjustment because he was not a beneficiary of a labor certification until after April 30, 2001.

Unlawful residence in the United States generally renders an immigrant ineligible for an adjustment of status. *See* 8 U.S.C. § 1255(c). Congress created a limited exception to this rule for:

> [A]n alien . . . who is the beneficiary (including a spouse or child of the principal alien, if eligible to receive a visa under section 1153(d) of this title) of . . . an application for a labor certification under section 1182(a)(5)(A) of this title that was filed pursuant to the regulations of the Secretary of Labor on or before [April 30, 2001].

*Id.* § 1255(i)(1)(B)(ii). Under this so-called "grandfathering exception," therefore, an alien who was the beneficiary of a labor certification filed before April 30, 2001, can adjust status. *Id.* In 8 C.F.R. § 245.10(j), the Attorney General interpreted "beneficiary" in 8 U.S.C. § 1255(i) to exclude aliens substituted as a beneficiary after April 30, 2001 on an application for labor certification filed before April 30, 2001. Thus, under 8 C.F.R. § 245.10(j), the only unlawfully present aliens who may adjust status under this exception are beneficiaries actually named on labor certifications as of that date.

Aman's sole argument on appeal is that 8 C.F.R. § 245.10(j) is an impermissible construction of 8 U.S.C. § 1255(i)(1)(B)(ii). This Court, however,

3

has upheld the Attorney General's interpretation of 8 U.S.C. § 1255(i)(1)(B)(ii). *Kar Onn Lee v. Holder*, 701 F.3d 931, 936–38 (2d Cir. 2012). The labor certification forming the basis of Aman's approved visa petition was filed by April 30, 2001, but he was substituted as the beneficiary in 2006. Therefore, Aman is ineligible to adjust status.

For the foregoing reasons, the petition for review is **DENIED**.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk