*Giovinco v. Pullen*

# In the
# United States Court of Appeals
## FOR THE SECOND CIRCUIT

---

AUGUST TERM 2023
No. 23-251

**CHARLES ANTHONY GIOVINCO,**
*Petitioner-Appellant,*

v.

**TIMETHEA PULLEN, WARDEN,**
*Respondent-Appellee.*

---

On Appeal from the United States District Court
for the District of Connecticut

---

ARGUED: JUNE 21, 2024
DECIDED: OCTOBER 8, 2024

---

Before:    LIVINGSTON, *Chief Judge*, and LOHIER and MENASHI,
*Circuit Judges*.

The First Step Act of 2018 ("FSA") permits an eligible prisoner to earn time credits if he participates in certain programs or activities. *See* 18 U.S.C. § 3632(d)(4). A prisoner is not eligible to earn such credits if he "is serving a sentence for a conviction" of certain enumerated offenses. *Id*. § 3632(d)(4)(D). The question in this case is

whether a prisoner serving a term of imprisonment for multiple offenses—only some of which are ineligible for FSA time credits—may earn FSA time credits for the portion of his term attributable to an eligible offense.

We conclude that the answer is no. Under 18 U.S.C. § 3584(c), "[m]ultiple terms of imprisonment ordered to run consecutively or concurrently shall be treated for administrative purposes as a single, aggregate term of imprisonment." *Id.* § 3584(c). Pursuant to this aggregation provision, a prisoner "is serving a sentence for" any offense that is part of his aggregated term of imprisonment. Accordingly, the Bureau of Prisons must aggregate a prisoner's sentence pursuant to § 3584(c) for the administrative purpose of determining his eligibility for FSA time credits under § 3632(d)(4). We affirm the judgment of the district court.

---

> JOHN R. QUINN, Law Office of John R. Quinn, Bay Shore, NY, *for Petitioner-Appellant*.
>
> JOHN W. LARSON, Assistant United States Attorney (Sandra S. Glover, Assistant United States Attorney, *on the brief*), *for* Vanessa Roberts Avery, United States Attorney for the District of Connecticut, New Haven, CT, *for Respondent-Appellee*.

---

MENASHI, *Circuit Judge*:

Petitioner-Appellant Charles Anthony Giovinco appeals the judgment of the district court denying his petition for a writ of habeas corpus under 28 U.S.C. § 2241. In 2008, Giovinco pleaded guilty to enticement of a minor and possession of child pornography. He was

sentenced to concurrent terms of 235 months of imprisonment on the enticement count and 120 months of imprisonment on the possession-of-child-pornography count.

In 2018, Congress enacted the First Step Act of 2018 ("FSA"). The FSA permits an eligible prisoner to earn time credits if he participates in certain programs or activities. A prisoner is not eligible to earn time credits if he "is serving a sentence for a conviction" of certain enumerated offenses, including possession of child pornography. 18 U.S.C. § 3632(d)(4)(D).

Giovinco argues that § 3632(d)(4)(D) renders him ineligible to earn time credits only while serving the individual sentence attributable to the ineligible offense. He contends that once he completed serving the maximum sentence on his ineligible conviction—possession of child pornography—he was no longer "serving a sentence for" an ineligible offense and was therefore eligible to earn FSA time credits for the remainder of his term of imprisonment. The Bureau of Prisons ("BOP") argues that Giovinco is ineligible to earn FSA time credits for his entire aggregated term of imprisonment. The BOP contends that 18 U.S.C. § 3584(c)—which requires that "[m]ultiple terms of imprisonment ordered to run consecutively or concurrently … be treated for administrative purposes as a single, aggregate term of imprisonment"—applies to the BOP's administration of the FSA time credit program.

We conclude that, pursuant to the aggregation provision, a prisoner "is serving a sentence for" any offense that is part of his aggregated term of imprisonment. Accordingly, the BOP must aggregate a prisoner's sentence pursuant to § 3584(c) for the purpose of determining his eligibility for FSA time credits under § 3632(d)(4). We affirm the judgment of the district court.

3

## BACKGROUND

In 2008, Giovinco pleaded guilty to a two-count indictment charging him with (1) using the internet to entice a minor to engage in sexual activity in violation of 18 U.S.C. § 2242(b), and (2) possession of child pornography in violation of 18 U.S.C. § 2252(a)(4)(B). He was sentenced to concurrent terms of 235 months of imprisonment on the enticement count and 120 months of imprisonment on the child-pornography count, to be followed by a lifetime term of supervised release.

In 2018, Congress enacted the First Step Act of 2018, Pub. L. No. 115-391, 132 Stat. 5194, a criminal justice reform statute. Among other reforms, the FSA provides that an eligible prisoner may earn time credits if he successfully participates in certain evidence-based recidivism reduction programs or productive activities. *See* 18 U.S.C. § 3632(d)(4). The time credits are applied toward pre-release custody or supervised release. *Id.* § 3632(d)(4)(C). A prisoner is not eligible to earn FSA time credits if he "is serving a sentence for a conviction" of certain enumerated offenses. *Id.* § 3632(d)(4)(D). The ineligible offenses include possession of child pornography under § 2252. *See id.* § 3632(d)(4)(D)(xli). The FSA tasks the BOP with administering the FSA time credit program under the supervision of the Attorney General. *See id.* §§ 3621(h), 3631.

In 2022, Giovinco sought to be reclassified as eligible for FSA time credits. He asserted that he had served the maximum sentence on his ineligible conviction—possession of child pornography—so he was no longer "serving a sentence for" an ineligible offense. The BOP denied his request and his subsequent appeals. In denying his final appeal, the BOP's Office of General Counsel explained its conclusion

4

that Giovinco was not eligible to earn time credits for the entirety of his term of imprisonment:

> An eligible prisoner means the prisoner is not currently serving a sentence for a conviction that is on the list of ineligible offenses as listed in the FSA and 18 U.S.C. § 3623(d)(4)(D). This applies to your current commitment in its entirety, not the individual terms of imprisonment. Accordingly, your assertion that the counts of conviction are separate and that [time credits] can be applied separately to the "eligible" portion is incorrect.

App'x 28.

Giovinco then filed a habeas petition, which the district court denied. *See Giovinco v. Pullen*, No. 22-CV-1515, 2023 WL 1928108, at *1 (D. Conn. Feb. 10, 2023). The district court explained that the aggregation provision, 18 U.S.C. § 3584(c), applies to the administration of FSA time credits and indeed that "[c]ourts have consistently held that sentence calculation by the BOP and the BOP's administration of incentives which reduce the length of a prisoner's term of imprisonment are administrative functions of the BOP subject to § 3584(c)." *Id.* at *2 (quoting *Sok v. Eischen*, No. 22-CV-458, 2022 WL 17156797, at *5 (D. Minn. Oct. 26, 2022), *report and recommendation adopted*, No. 22-CR-458, 2022 WL 17128929 (D. Minn. Nov. 22, 2022), *aff'd*, No. 23-1025, 2023 WL 5282709 (8th Cir. Aug. 17, 2023)). The district court observed that the FSA "is silent on how to determine the eligibility of an inmate, like Mr. Giovinco, convicted of multiple charges, not all of which render him ineligible for time credits." *Id.* at *3. The district court deferred to the BOP's "reasonable interpretation of the statute," *id.* (citing *Chevron v. NRDC*, 467 U.S. 837, 842-44 (1984), *overruled by Loper Bright Enters. v. Raimondo*, 144 S. Ct. 2244 (2024)), recognizing that the FSA "must be read in the context of the BOP's

5

statutory obligation to aggregate concurrent and consecutive sentences for administrative purposes," *id.*

## STANDARD OF REVIEW

We review the denial of a petition for a writ of habeas corpus de novo. *Drake v. Portuondo*, 321 F.3d 338, 343 (2d Cir. 2003). We also consider questions of statutory interpretation de novo. *Fisher v. Aetna Life Ins. Co.*, 32 F.4th 124, 135 (2d Cir. 2022).

## DISCUSSION

The FSA provides that a "prisoner is ineligible to receive time credits … if the prisoner is serving a sentence for a conviction" of an ineligible offense. 18 U.S.C. § 3632(d)(4)(D). The FSA does not address whether a prisoner serving concurrent or consecutive sentences—at least one of which is for an ineligible offense—may earn FSA time credits for the portion of his term that is attributable only to an eligible offense. Thirty-four years before Congress enacted the FSA, however, Congress adopted 18 U.S.C. § 3584. That statute provides that "[m]ultiple terms of imprisonment ordered to run consecutively or concurrently shall be treated for administrative purposes as a single, aggregate term of imprisonment." *Id.* § 3584(c).

Giovinco argues that the plain meaning of § 3632(d)(4)(D) directs that a prisoner be ineligible for FSA time credits only while he "is serving" the individual sentence for the ineligible offense. He further argues that the aggregation provision does not apply to the BOP's determination of a prisoner's eligibility for FSA time credits because Congress rather than the BOP set the criteria for eligibility— so the determination of a prisoner's eligibility is not an "administrative purpose" of the BOP.

6

The BOP acknowledges that the most natural reading of § 3632(d)(4)(D), standing alone, might render ineligible only the individual sentence applicable to the ineligible offense.[1] But the BOP argues that the text must be read in light of the statutory scheme—including, in particular, the BOP's obligation to aggregate sentences under § 3584(c). According to the BOP, the statutory scheme requires it to aggregate multiple terms of imprisonment when administering the FSA time credit program.

**I**

"It is a fundamental canon of statutory construction that the words of a statute must be read in their context and with a view to their place in the overall statutory scheme." *West Virginia v. EPA*, 597 U.S. 697, 721 (2022) (quoting *Davis v. Mich. Dep't of Treasury*, 489 U.S. 803, 809 (1989)). We therefore "consider not only the bare meaning of the critical word or phrase but also its placement and purpose in the statutory scheme." *Kar Onn Lee v. Holder*, 701 F.3d 931, 936 (2d Cir. 2012) (quoting *Holloway v. United States*, 526 U.S. 1, 6 (1999)). "Our duty, after all, is to construe statutes, not isolated provisions." *King v. Burwell*, 576 U.S. 473, 486 (2015) (internal quotation marks omitted).

In construing a statutory text, we recognize that "Congress may establish a 'background principle of interpretation' to guide courts in understanding subsequently enacted statutes." *Everytown for Gun Safety Support Fund v. ATF*, 984 F.3d 30, 34 (2d Cir. 2020) (quoting *Dorsey v. United States*, 567 U.S. 260, 274 (2012)). While "an earlier statute cannot bind a later Congress" that seeks to depart from the background principle, *id.* (internal quotation marks omitted), the "preferred meaning of a statutory provision is one that is consonant

---

[1] *See* Oral Argument Audio Recording at 28:07.

with the rest of the statute" and with "the whole statutory scheme," *Auburn Hous. Auth. v. Martinez*, 277 F.3d 138, 144 (2d Cir. 2002).

## A

The aggregation provision establishes a background principle according to which "[m]ultiple terms of imprisonment … shall be treated for administrative purposes as a single, aggregate term of imprisonment." 18 U.S.C. § 3584(c). Courts have recognized that the "administrative purposes" referenced in § 3584(c) include the BOP's administration of other types of sentencing credits, such as time-served credits (§ 3585), good-time credits (§ 3624), and residential drug-abuse program credits (§ 3621). *See United States v. Martin*, 974 F.3d 124, 136 (2d Cir. 2020) (holding that the aggregation provision applies to time-served credits under § 3585); *Chambers v. Warden Lewisburg USP*, 852 F. App'x 648, 650 (3d Cir. 2021) (holding that the aggregation provision applies to good-time credits under § 3624); *Moreno v. Ives*, 842 F. App'x 18, 21 (9th Cir. 2020) (holding that the aggregation provision applies to residential drug-abuse program credits under § 3621); *see also United States v. LaBonte*, 520 U.S. 751, 758 n.4 (1997) (noting that §§ 3585, 3621, and 3624 "fall[] within [§ 3584(c)'s] 'administrative purposes' carve-out").

In light of this legal background, we conclude that the aggregation provision applies to the BOP's administration of the FSA time credit program. The BOP is charged with administering the FSA time credit program, and for that reason its implementation of § 3632(d)(4)(D) is an "administrative purpose" for which multiple terms of imprisonment are to be treated as a single, aggregate term. The text of § 3632(d)(4)(D) is consistent with that understanding. Section 3632(d)(4)(D) provides that a prisoner who "is serving a sentence for" an ineligible offense may not earn FSA time credits.

18 U.S.C. § 3632(d)(4)(D). That phrase can be read to refer to an individual sentence for an individual conviction. But the phrase can also be read to refer to an aggregate term of imprisonment.[2] In the context of the aggregation provision and precedent holding that the aggregation provision applies to other sentencing credit programs, the phrase "is serving a sentence for" is best understood as referring to the prisoner's aggregate term of imprisonment.

**B**

Giovinco argues that the determination of a prisoner's eligibility to earn FSA time credits is legislative—not administrative—because Congress set the eligibility criteria by statute and made the awarding of credits mandatory. *See* 18 U.S.C. § 3632(d)(4) ("A prisoner, except for an ineligible prisoner under subparagraph (D), … shall earn time credits as follows."). He observes that other sentencing credit programs—such as residential drug-abuse program credits under § 3621—delegate to the BOP the authority to determine the eligibility of a prisoner. *See Moreno*, 842 F. App'x at 21 ("[C]ompletion of RDAP does not automatically mean that an inmate is eligible for the sentence reduction incentive, and Congress delegated the authority to make those determinations

---

[2] We note that in 18 U.S.C. § 3584(c), Congress used the terms "sentence" and "term of imprisonment" interchangeably. The heading of § 3584 is "Multiple sentences of imprisonment" and the caption of § 3584(c) is "Treatment of multiple sentence as an aggregate" while § 3584(c) itself refers to "terms of imprisonment." Pub. L. No. 98-473 (Oct. 12, 1984), 98 Stat 1837, 2000 (capitalization omitted); *see Yates v. United States*, 574 U.S. 528, 540 (2015) ("The title of a statute and the heading of a section are tools available for the resolution of a doubt about the meaning of a statute.") (alteration omitted) (quoting *Almendarez-Torres v. United States*, 523 U.S. 224, 234 (1998)).

to BOP."); 18 U.S.C. § 3621(e)(1), (e)(5)(B)(i); *see also id.* § 3624(b)(1). For this reason, he argues, the FSA time credit program is different from the other sentencing credit programs to which the aggregation provision has been held to apply.

We disagree. To administer the FSA, the BOP must determine whether a prisoner meets the eligibility criteria set forth in § 3632(d)(4)(D). An agency's implementation of statutory standards is a regular feature of "the administrative work of executing a statute's mandate."[3] The aggregation provision directs that, when implementing the statutory criteria, the BOP must aggregate a prisoner's sentence. If "Congress intended to depart from the background principle" set by the aggregation provision and to direct the BOP to apply the statutory criteria of § 3632(d)(4)(D) to each individual sentence, it could have expressed that intention either expressly or by fair implication in the FSA. *Everytown*, 984 F.3d at 39. But it did not do so.

Our interpretation does not, as Giovinco suggests, improperly alter the judicially imposed punishment for his crime. We recognize that "sentences within judgments of conviction are imposed for particular counts of conviction." *Martin*, 974 F.3d at 135; *accord United States v. Young*, 998 F.3d 43, 55 (2d Cir. 2021). In *Martin*, we distinguished statutes that created sentencing credit programs for the BOP to administer from statutes that authorized judicial resentencing. We explained that while the implementation of a statutorily authorized credit program qualifies as an administrative purpose, judicial resentencing does not. We concluded that "courts' judicial decisions under § 3582 do not constitute an 'administrative

---

[3] Eli Nachmany, *Deference to Agency Expertise in Statutory Interpretation*, 31 Geo. Mason L. Rev. 587, 594 (2024) (internal quotation marks omitted).

purpose,'" that "to so find would essentially rewrite the statute to extend aggregation to *all* purposes," and that therefore the aggregation provision "provides no textual support for the position that sentences may be aggregated for the purpose of resentencing." *Martin*, 974 F.3d at 137 (internal quotation marks omitted). As we have previously emphasized, "[a]gencies are not courts." *Vera Punin v. Garland*, 108 F.4th 114, 125 (2d Cir. 2024) (quoting *Garcia v. Garland*, 64 F.4th 62, 70 (2d Cir. 2023)).

In this case, Congress has directed that—for the purpose of administering a judicially imposed sentence—the BOP must aggregate multiple terms of imprisonment. That "administrative purpose" includes the implementation of the FSA time credit program that may reduce the sentence. In reaching this conclusion, we agree with every other circuit court to have considered the question.[4]

---

[4] *See Martinez v. Rosalez*, No. 23-50406, 2024 WL 140438, at *3 (5th Cir. Jan. 12, 2024) ("We agree with the district court that aggregation in the administrative context … was proper for purposes of FSA time credits."); *Keeling v. Lemaster*, No. 22-6126, 2023 WL 9061914, at *1 (6th Cir. Nov. 22, 2023) ("[C]ourts have consistently and correctly held that the calculation of a prisoner's sentence, and the awarding of credits that reduce the length of that sentence, are administrative functions of the BOP subject to § 3584(c). The district court therefore did not err in concluding that [the petitioner's] aggregated sentence precluded him from receiving earned time credit under the FSA.") (internal quotation marks and citation omitted); *Sok v. Eischen*, No. 23-1025, 2023 WL 5282709, at *1 (8th Cir. Aug. 17, 2023) ("[W]e conclude that … the BOP correctly treated [the petitioner's] prison terms as a single aggregated sentence for all 3 offenses, and therefore properly denied him FSA credits."); *Teed v. Warden Allenwood FCI Low*, No. 23-1181, 2023 WL 4556726, at *2 (3d Cir. July 17, 2023) ("Calculation of an inmate's term of imprisonment is widely recognized as an 'administrative purpose' well within the BOP's responsibilities as charged by Congress. Accordingly,

## II

The parties here agree that, even if the statute were ambiguous, the district court improperly applied *Chevron* deference and should have applied *Skidmore* deference. Because we conclude, without deference, that the best reading of the applicable statutes required the BOP to aggregate Giovinco's sentence to determine his eligibility for FSA time credits, we need not decide whether the BOP's interpretation warrants some level of deference.

## CONCLUSION

For the foregoing reasons, we affirm the judgment of the district court.

---

here, we view BOP's aggregation of [the petitioner's] sentence and FSA ineligibility designation to be proper.") (citation omitted).