**FOR PUBLICATION**

# UNITED STATES COURT OF APPEALS FOR THE NINTH CIRCUIT

MANUEL VALENCIA,

*Petitioner*,

v.

LORETTA E. LYNCH, Attorney General,

*Respondent*.

No. 13-70414

Agency No.
A088-199-561

OPINION

On Petition for Review of an Order of the
Board of Immigration Appeals

Argued and Submitted
October 21, 2015—Pasadena, California

Filed February 2, 2016

Before: Johnnie B. Rawlinson and Jacqueline H. Nguyen,
Circuit Judges and Michael A. Ponsor,* Senior District
Judge.

Opinion by Judge Nguyen

---

* The Honorable Michael A. Ponsor, Senior District Judge for the U.S. District Court for Massachusetts, sitting by designation.

## SUMMARY[**]

### Immigration

The panel denied Manuel Valencia's petition for review of the Board of Immigration Appeals' denial of adjustment of status under a regulation that precludes an alien substituted for the previous beneficiary of a labor certification application after a sunset date from claiming to be a grandfathered alien.

The panel held that the Attorney General's regulation, 8 C.F.R. § 1245.10(j), is entitled to deference under *Chevron U.S.A. Inc. v. Natural Resources Defense Council, Inc.*, 467 U.S. 837 (1984). The panel held that 8 U.S.C. § 1255(i), the statute that allows a beneficiary of a labor certification application filed on or before April 30, 2001, to apply for adjustment, is ambiguous because it uses only the general term "beneficiaries," not the more specific term "substitute beneficiaries." The panel further held that it was permissible for the Attorney General to interpret the statute to preclude beneficiaries substituted after the sunset date from obtaining grandfathered status.

---

[**] This summary constitutes no part of the opinion of the court. It has been prepared by court staff for the convenience of the reader.

**COUNSEL**

Larry Liem Doan (argued), Law Office of Larry Liem Doan, Los Angeles, California, for Petitioner.

Ann M. Welhaf (argued), Trial Attorney; Tony West, Assistant Attorney General; Stephen J. Flynn, Assistant Director; Office of Immigration Litigation, United States Department of Justice, Washington, D.C., for Respondent.

**OPINION**

NGUYEN, Circuit Judge:

Petitioner Manuel Valencia, a citizen of Mexico, seeks adjustment of his immigration status under the "grandfathering" exception for beneficiaries of labor-certification applications filed before April 30, 2001. *See* 8 U.S.C. § 1255(i)(1)(B)(ii). The Immigration Judge and Board of Immigration Appeals denied Valencia's application for adjustment of status, citing a regulation promulgated by the Attorney General that says, "An alien who was substituted for the previous beneficiary of the application for the labor certification after April 30, 2001, will not be considered to be a grandfathered alien." 8 C.F.R. § 1245.10(j). Valencia, who undisputedly falls within the scope of that regulation, challenges its validity. Because the regulation is a reasonable interpretation of an ambiguous statute and entitled to deference, the petition is denied.

## BACKGROUND

Valencia entered the United States in June 2006 on a B-2 tourist visa that expired later that year. About five years earlier, on April 26, 2001, Lawrence Equipment, Inc., a California corporation, had filed an application for labor certification, which was approved by the United States Department of Labor. This application, however, did not name Valencia as a beneficiary. At some point after April 30, 2001, Lawrence Equipment obtained approval from the Department of Labor to substitute Valencia as the beneficiary of its approved labor certification.[1]

In January 2007, shortly after Valencia's tourist visa expired, Lawrence Equipment filed with the United States Citizenship and Immigration Services ("USCIS") an "Immigrant Petition for Alien Worker" naming Valencia as the beneficiary. USCIS approved this petition in April 2008, and assigned it a priority date of April 26, 2001, corresponding to the date that Lawrence Equipment had originally filed the application for labor certification. Valencia then filed an application with USCIS to adjust his status to that of a lawful permanent resident under 8 U.S.C. § 1255(i)(1)(B)(ii). That section allows a beneficiary of an application for a labor certification filed on or before April 30, 2001 to apply for an adjustment of status. 8 U.S.C. § 1255(i)(1)(B)(ii).

USCIS found that Valencia did not qualify for relief under § 1255(i) because he was not a named beneficiary of Lawrence Equipment's labor certification as of April 30,

---

[1] The record does not show exactly when this substitution occurred, but Valencia concedes it occurred after April 30, 2001.

2001, but was instead later substituted as a beneficiary. The Department of Homeland Security commenced removal proceedings.

In proceedings before an Immigration Judge ("IJ"), Valencia renewed his application for adjustment of status and reiterated his argument that he was a grandfathered alien under 8 U.S.C. § 1255(i). The IJ denied Valencia's application because of a regulation promulgated by the Attorney General stating that "[a]n alien who was substituted for the previous beneficiary of the application for the labor certification after April 30, 2001, will not be considered to be a grandfathered alien." 8 C.F.R. § 1245.10(j). Valencia appealed to the Board of Immigration Appeals ("BIA"), but, in January 2013, the BIA affirmed. The BIA found the regulation controlling and declined to consider its validity. Valencia was given sixty days to voluntarily depart from the country.

In the present petition for review, Valencia argues that the BIA erred because the grandfathering provision of § 1255(i) unambiguously applies to substitute beneficiaries like him, and the Attorney General's regulation to the contrary is an unreasonable interpretation of the statute.

## DISCUSSION

We must decide whether the Attorney General's regulation at 8 C.F.R. § 1245.10(j) warrants deference under the familiar two-step analysis set forth in *Chevron U.S.A. Inc. v. Natural Resources Defense Council, Inc.*, 467 U.S. 837 (1984). We join the Second and Fourth Circuits in holding that it does. *See Lee v. Holder*, 701 F.3d 931, 938 (2d Cir. 2012); *Suisa v. Holder*, 609 F.3d 314, 320 (4th Cir. 2010).

**1. The Statute is Ambiguous as to Substitute Beneficiaries**

Step one of the *Chevron* framework requires us to ask "whether Congress has directly spoken to the precise question at issue. If the intent of Congress is clear, that is the end of the matter; for the court, as well as the agency, must give effect to the unambiguously expressed intent of Congress." *Chevron*, 467 U.S. at 842–43. Our analysis begins "with the text of the statute." *Yokeno v. Sekiguchi*, 754 F.3d 649, 653 (9th Cir. 2014). "The plainness or ambiguity of statutory language is determined by reference to the language itself, the specific context in which that language is used, and the broader context of the statute as a whole." *Robinson v. Shell Oil Co.*, 519 U.S. 337, 341 (1997). We do not look at contested phrases in isolation because "[t]he meaning—or ambiguity—of certain words or phrases may only become evident when placed in context." *FDA v. Brown &Williamson Tobacco Corp.*, 529 U.S. 120, 132–33 (2000).

Turning to the statute at issue here, 8 U.S.C. § 1255(i), we conclude that Congress did not speak to the question of whether that section applies to substitute beneficiaries of labor certifications. That section provides in relevant part:

> Notwithstanding the provisions of subsections (a) and (c) of this section, an alien physically present in the United States . . . who is the beneficiary . . . of . . . an application for a labor certification under section 1182(a)(5)(A) of this title that was filed pursuant to the regulations of the Secretary of Labor on or before [April 30, 2001] . . . may apply to the Attorney General

for the adjustment of his or her status to that of an alien lawfully admitted for permanent residence."

8 U.S.C. § 1255(i)(1)(B)(ii).

Significantly, the statute uses only the general term "beneficiaries," not the more specific term "substitute beneficiaries." Valencia argues that the broader term necessarily encompasses the narrower, but the context of the grandfathering provision suggests otherwise. Indeed, as the Second and Fourth Circuits observed, "'the beneficiary' . . . could refer to one of the three classes of aliens: (1) initial beneficiaries only; (2) initial beneficiaries and substituted beneficiaries, but only if the substitution occurred on or before April 30, 2001; or (3) currently named beneficiaries, whether original or substituted, regardless of when the substitution occurred." *Lee*, 701 F.3d at 936–37 (citing *Suisa*, 609 F.3d at 319). Moreover, Congress's inclusion of the sunset provision limiting relief to beneficiaries of applications filed by April 30, 2001, indicates that a more restrictive interpretation might be appropriate. At a minimum, "[c]ongressional silence regarding which of these three options is correct suggests ambiguity under step one of the *Chevron* analysis." *Id* at 937.

### 2. The Attorney General's Regulation is a Reasonable Interpretation of the Statute

Under step two of the *Chevron* framework, we ask "whether the agency's answer is based on a permissible construction of the statute." *Chevron*, 467 U.S. at 843. If the agency sets forth a reasonable interpretation that is not

arbitrary, capricious, or manifestly contrary to the statute, then we must defer to it. *Id.* at 844.

For the same reasons that we found the statute ambiguous, we hold that the Attorney General's regulation is a permissible interpretation. *See* 8 C.F.R. § 1245.10(j). The inclusion of the sunset provision suggests that Congress intended to impose a temporal constraint on eligibility for grandfathered status. The ambiguity is in whether Congress intended the statute to benefit a discrete, time-bound group of immigrants, or a discrete, time-bound group of employers with approved labor certifications. The former interpretation is the one adopted by the Attorney General, and indeed it makes better sense of the statute. *See Lee*, 701 F.3d at 937 ("The focus of § 1255(i)(1)(B)(ii) . . . is on *immigrants*, not *employers*.") Therefore, it was permissible for the Attorney General to interpret the statute to preclude beneficiaries substituted after the sunset date from obtaining grandfathered status.

Valencia nonetheless argues that the regulation is an impermissible interpretation of the statute because it conflicts with another regulation at § 1245.10(a)(3), which says in relevant part:

> A visa petition that was properly filed on or before April 30, 2001, and was approvable when filed, but was later withdrawn, denied, or revoked due to circumstances that have arisen after the time of filing, will preserve the alien beneficiary's grandfathered status . . . .

8 C.F.R. § 1245.10(a)(3). We see no conflict between the two regulations.

According to Valencia, because § 1245.10(a)(3) lists several post-filing changes to labor certifications that *do not* affect an original beneficiary's status, it follows that any unmentioned post-filing changes *must necessarily* affect the original beneficiary's status.  Thus, Valencia's argument goes, these latter changes such as the substitution of a new beneficiary would presumably cause the original beneficiary to lose grandfathered status and the substitute beneficiary to gain it.

Valencia's argument is unpersuasive.  The Attorney General could well have promulgated § 1245.10(a)(3) merely to address the consequences of a withdrawn, denied, or revoked petition.  That choice doesn't necessarily imply that there are other post-filing changes to applications that adversely affect the original beneficiaries' grandfathered status, let alone that such changes include the substitution of a new beneficiary.  In fact, by protecting immigrants from losing their grandfathered status, this regulation may actually support the Attorney General's interpretation of § 1255(i) as focusing on a discrete group of immigrants rather than a discrete group of labor certification applications.

## CONCLUSION

We hold that 8 C.F.R. § 1245.10(j) is entitled to deference.  Accordingly, the BIA properly denied Valencia's application for an adjustment of status.

The petition for review is **DENIED**.