FILED

DEC 16 2019

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| RSF, | No. 17-70533 |
| Petitioner, | Agency No. A089-097-721 |
| v. | |
| WILLIAM P. BARR, Attorney General, | MEMORANDUM* |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Argued and Submitted February 14, 2019
Submission Deferred February 15, 2019
Resubmitted December 12, 2019
San Francisco, California

Before: McKEOWN, W. FLETCHER, and MURGUIA, Circuit Judges.

RSF, a citizen and native of El Salvador, seeks review of the Board of

Immigration Appeals ("BIA") finding that she is ineligible to apply for asylum

under Department of Homeland Security ("DHS") regulations. Because the parties

are familiar with the facts, we do not repeat them here. We have jurisdiction under

8 U.S.C. § 1252(a), and we deny the petition.

---

\* This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

We are bound by our decision in *Perez-Guzman v. Lynch*, 835 F.3d 1066 (9th Cir. 2016). In *Perez-Guzman*, this court concluded DHS regulations were a reasonable interpretation of asylum statute § 1158(a)(1) and reinstatement bar § 1231(a)(5) under *Chevron U.S.A., Inc. v. Natural Resources Defense Council, Inc.*, 467 U.S. 837, 842 (1984), where those regulations prevented individuals subject to reinstated removal orders from applying for asylum but permitted them to seek withholding. 835 F.3d at 1073-82.

RSF contends *Perez-Guzman* does not control because courts are not bound by prior decisions that did not consider the issue presented in a later case. However, a Ninth Circuit "panel is not free to disregard the decision of another [Ninth Circuit] panel . . . simply because . . . the arguments have been characterized differently or more persuasively by a new litigant." *United States v. Ramos-Medina*, 706 F.3d 939 (9th Cir. 2013). With one exception, RSF's appeal does not present a different issue than those raised in *Perez-Guzman*—it presents different arguments regarding the same issue.

RSF's surviving challenge is that DHS regulations unreasonably limit the availability of § 1158(a)(2)(D) "to lawbreakers only." When reviewing a legal question involving the interpretation of the Immigration Nationality Act ("INA") and its corresponding regulations, we follow the deferential procedures prescribed in *Chevron*. *Valadez-Munoz v. Holder*, 623 F.3d 1304, 1308 (9th Cir. 2010). Under

*Chevron*, we first examine the statute to determine whether Congress has directly spoken to the question at issue. *Valencia v. Lynch*, 811 F.3d 1211, 1214 (9th Cir. 2016) (citing *Chevron*, 467 U.S. at 842-43). If the statutory provision is silent or ambiguous, we then consider whether the agency's interpretation is "'based on a permissible construction of the statute.'" *Id.* at 1215 (quoting *Chevron*, 467 U.S. at 843). The court defers to the agency's interpretation so long as it is not "'arbitrary, capricious, or manifestly contrary to the statute.'" *Garcia v. Holder*, 659 F.3d 1261, 1266 (9th Cir. 2011) (quoting *Chevron*, 467 U.S. at 844).

RSF fails to show that limiting the application of § 1158(a)(2)(D) renders the DHS regulations unreasonable under *Chevron*'s second step. There are multiple categories of asylum applicants who could take advantage of the changed circumstances exception within § 1158(a)(2)(D) other than those who ignored removal orders, such as previously removed noncitizens who apply for asylum without entering the United States.

**PETITION DENIED**.